Michael Gross Diamonds Inc. v Vaknin
2026 NY Slip Op 03762
June 16, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Michael Gross Diamonds Inc., Plaintiff-Appellant,
v
Yishai Vaknin et al., Defendants-Respondents.

Decided and Entered: June 16, 2026
Index No. 651396/14|Appeal No. 6895|Case No. 2024-01158|
Before: Webber, J.P., Kapnick, Gesmer, Rodriguez, Rosado, JJ.

Ofeck & Heinze, LLP, New York (Mark F. Heinze of counsel), for appellant.
Law Offices of Morris Fateha, Brooklyn (Morris Fateha of counsel), for respondents.

[*1]
Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered November 30, 2023, following a bench trial, and bringing up for review an order of the same court and Justice, entered July 26, 2023, which dismissed the amended complaint with prejudice, unanimously affirmed, with costs.
The court properly determined that plaintiff's principal, Michael Gross, was unworthy of belief and that defendants' principal, Vishai Vaknin, was credible. A judgment from a bench trial, especially where credibility played an important role, should only be set aside where it is not supported by any fair interpretation of the evidence (see Thoreson v Penthouse Intl. 80 NY2d 490, 495 [1992]; Wong v Hsia Chao Yu, 160 AD3d 549, 550 [1st Dept 2018]; Abreu v Barkin & Assoc. Realty, Inc., 115 AD3d 624,624 [1st Dept 2014]). Upon appellate review, a trial court's decision in a bench trial must be accorded great weight, since that court was in the best position to assess the evidence presented at trial, having the advantage of observing the witnesses, or the absence thereof, and their demeanor on the witness stand (Reed v City of New York, 304 AD2d 1, 7 [1st Dept 2003], lv denied 100 NY2d 503 [2003]; Brian E. Weiss, P.C. v Miller, 166 AD2d 283, 283 [1st Dept 1990], affd 78 NY2d 979 [1991]). Accordingly, we defer to the trial court's determinations as to the credibility of the primary witnesses. We also note that the court's determinations as to the substantive issues before it were informed by its conclusions as to the credibility of the primary witnesses.
Supreme Court's determination that plaintiff was not entitled to payment by defendants of the three memos purportedly exchanged for a necklace was based on a fair interpretation of the evidence, taking into account its analysis of the witnesses' credibility (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]; Wong v Hsia Chao Yu, 160 AD3d 549, 550 [1st Dept 2018]). The court had ample grounds to reject plaintiff's evidence elicited to establish that the necklace was exchanged for three memos representing the transfer to defendants of diamonds of approximately equal value. The court also had grounds to credit defendants' evidence that the necklace, which was owned by an unrelated entity, was merely consigned to plaintiff based on the representation by plaintiff's principal that he had a buyer. Indeed, the dispute concerning the necklace was the subject of another action brought by its owner, Blue River Gems Inc., that resulted in a judgment against plaintiff for conversion (see Blue Riv. Gems Inc. v S.V.&V. Diamond Corp, 55 Misc 3d 450 [Sup Ct, NY County 2016], affd 190 AD3d 581 [1st Dept 2021]). In that case, this Court affirmed the motion court's finding that the necklace was consigned to plaintiff rather than purchased by it and that plaintiff converted the proceeds of the sale.
[*2]
Supreme Court rejected plaintiff's claims based on eight other memos reflecting diamond transactions with defendants because of their lack of clarity and the court's skepticism regarding the bona fides of the memos, based on its credibility determinations. That finding is entitled to deference since the court was in the best position to assess the evidence presented at the bench trial, having the advantage of observing the witnesses and their demeanor (see Reed v City of New York, 304 AD2d 1, 7 [1st Dept 2003], lv denied 100 NY2d 503 [2003]).
Supreme Court's conclusion that plaintiff was not entitled to reimbursement for a check for $140,000 provided by defendants in payment for diamonds that was returned for insufficient funds or for which payment was stopped, was also supported by a fair interpretation of the evidence. The court noted that defendants claimed a set-off of that amount because they paid Blue River a portion of the judgment that they had obtained against plaintiff.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2026